UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: AMERICAN FUNDS SECURITIES LITIGATION, | No. 08-56034 |
| SABRINA A. CHIN, | D.C. No. 2:06-cv-07815-GAF-RNB U.S. District Court for Central California, Los Angeles |
| Plaintiff, | **MANDATE** |
| and | |
| ROLF BASLER; et al., | |
| Plaintiffs - Appellants, | |
| v. | |
| CAPITAL GROUP COMPANIES, INC; et al., | |
| Defendants - Appellees. | |

RECEIVED
CLERK, U.S. DISTRICT COURT

OCT 1 3 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

The judgment of this Court, entered September 17, 2010, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court

Synitha Walker
Deputy Clerk

FILED

SEP 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In Re: AMERICAN FUNDS SECURITIES LITIGATION | No. 08-56034 |
| | D.C. No. 2:06-cv-07815-GAF-RNB |
| SABRINA A. CHIN, | MEMORANDUM* |
| Plaintiff, | |
| ROLF BASLER, ARDEN GEIST, and ROLF BASLER REVOCABLE TRUST, | |
| Plaintiffs-Appellants, | |
| v. | |
| CAPITAL GROUP COMPANIES, INC., CAPITAL RESEARCH AND MANAGEMENT CO., and AMERICAN FUNDS DISTRIBUTORS, INC., | |
| Defendants-Appellees. | |

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted October 9, 2009
Pasadena, California

Before: W. FLETCHER and CLIFTON, Circuit Judges, and SINGLETON, Senior United States District Judge.**

Plaintiff Sabrina A. Chin ("Chin") brought an action against Capital Group Companies, Inc., Capital Research and Management Co., and American Funds Distributors, Inc. (collectively "American Funds"), alleging violations of §§ 12(a)(2) and 15 of the 1933 Securities Act (15 U.S.C. §§ 77$l$(a)(2), 77o) and §§ 10(b) and 20(a) of the 1934 Securities Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)). American Funds filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), on the bases that: (1) the complaint failed to meet the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 and Federal Rule of Civil Procedure 9(b); and (2) Plaintiffs' claims were barred by the applicable statutes of limitation, *i.e.*, 15 U.S.C. § 77m (one-year limitation on 1933 Securities Act claims) and 28 U.S.C. § 1658(b)(1) (two-year limitation on 1934 Securities Exchange Act claims). The district court granted the motion to dismiss, finding that Plaintiffs were on inquiry notice more than two

---

** The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

2

years before the action was filed. The district court did not address the alternate ground, failure to plead a cause of action.

The district court had jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the grant of a motion to dismiss under Rule 12(b)(6). *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

The facts of this case are set forth in detail in the written decision of the district court and are well known to the parties.

Subsequent to the decision in the district court and the completion of briefing in this court, the United States Supreme Court decided *Merck & Co., Inc. v. Reynolds*, 559 U.S. __, 130 S. Ct. 1784 (2010). On remand, we applied *Merck* to a factually similar case in *Betz v. Trainer Wortham & Co., Inc.*, 610 F.3d 1169 (9th Cir. 2010) (remanding for further consideration in light of *Merck*.)

We requested and received further briefing from the parties. We agree with the decision in *Betz* that the best course is to remand to the district court for further proceedings. In *Betz*, the court outlined a number of reasons why this should be the preferred procedure. *See Betz*, 610 F.3d 1169.

We therefore vacate the district court's prior judgment and remand to the district court for further proceedings consistent with *Merck* and *Betz*.

3

**VACATED AND REMANDED.**

4