**REESE RICHMAN LLP**
Michael R. Reese (Cal. State Bar No. 206773)
mreese@reeserichman.com
Kim E. Richman
krichman@reeserichman.com
Belinda L. Williams
bwilliams@reeserichman.com
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re AMERICAN FUNDS SECURITIES LITIGATION<br><br>This document related to:<br><br>ALL ACTIONS | MASTER FILE NO.<br>CV 06-7815 GAF (RNBx)<br><br>**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AS PERMITTED BY THE COURT'S NOVEMBER 9, 2010 ORDER** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………...III

INTRODUCTION………………………………………………………………...…1

I. The *Corbi* Action Did Not Contain Facts Establishing the Elements of Scienter or Materiality that Are Needed to Plead a Claim for Violation of Section 10(b) of the Exchange Act…………………………......................2

II. Reasonable Investors Would Not Have Been Aware of the *Corbi* Action………………………………………….…………………….........4

III. It Would be Unfair and Unreasonable to Require a "Reasonable Investor" to Have Discovered Facts Evidencing Defendants' Violation of Section 10(b) of the Exchange Act Quicker that the California Attorney General's Office Did……..………………………………….……………………………….5

V. The News Articles and Press Releases Cited By Defendants Did Not Reveal the Elements of Scienter or Materiality Required to Plead a Claim for Violation of Section 10(b) of the Exchange Act..........................................6

CONCLUSION................................................................................................8

# **TABLE OF AUTHORITIES**

*In re Am. Funds Secs. Litig.*, 556 F. Supp. 2d 1100 (C.D. Cal. 2008)………….….7

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*
416 F.3d 940 (9th Cir. 2005)………………………………………………………..4

*Merck & Co., Inc. v. Reynolds* 130 S. Ct.  1784, 176 L. Ed. 2d 582 (2010).....*passim*

*Staehr v. Hartford Financial Services Group, Inc.* 547 F.3d 406 (2d Cir. 2008).....4

Plaintiffs respectfully submit the following reply in further support of their opposition to Defendants' Motion to Dismiss ("Motion") as permitted by this Court's order of November 9, 2010 requesting briefing regarding the effect of the United States Supreme Court's decision in *Merck & Co., Inc. v. Reynolds* 130 S. Ct. 1784, 176 L. Ed. 2d 582 (2010) ("*Merck*") on this Court's decision dismissing the First Amended Complaint ("Complaint") on June 5, 2008 (Dkt. 69)("Order").

As discussed below, **Defendants have not, and cannot,** point to anything in the record demonstrating Plaintiffs could have plead the elements of scienter or materiality required for a claim for violation of section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") prior to the filing of the California Attorney General's Office action. And since Plaintiffs' action was filed well within two years of the California Attorney General Office's action, the above-captioned action is timely and Defendants' Motion to Dismiss must be denied.

## INTRODUCTION

It is uncontested that Plaintiffs' claim for securities fraud in violation of section 10(b) of the Exchange Act must allege both scienter and materiality. It is also uncontested that the United States Supreme Court has stated that the statute of limitation commences only "when a reasonable diligent plaintiff would have discovered the facts constituting the violation." *Merck* at 589. Moreover, plaintiffs' discovery of "facts constituting the violation" must be sufficient enough to survive the heightened pleading standard for 10(b) claims. *Id.* at 597.

Here, facts constituting scienter and materiality that are sufficient to meet the heightened pleading standard for a 10(b) claim were only discoverable when the California Attorney General's Office filed its action. And as conceded by Defendants, the above-captioned action was commenced well within two years of the California Attorney General's Office action. Defendants also concede that a claim for securities fraud in violation of section 10(b) is timely if filed within two years of discovery of the violation. Accordingly, Plaintiffs' action is timely.

1

## I. The *Corbi* Action Did Not Contain Facts Establishing the Elements of Scienter or Materiality that Are Needed to Plead a Claim for Violation of Section 10(b) of the Exchange Act

Defendants claim that the action of *Corbi v. The Capital Group Cos.*, 04-cv-5593 (C.D. Cal.) ("*Corbi*"), should have put Plaintiffs on notice of a securities fraud in violation of section 10(b) of the Exchange Act. *See* Defendants' Memorandum in Further Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Complaint (Dkt. 89) ("Def. Further Mem.") at 7-10. Review of the *Corbi* action reveals Defendants' argument to be absolutely wrong.

Comparison of the *Corbi* action and the above-captioned action reveals stark differences between the two actions. These differences underscore the fact that even if any of the plaintiffs had seen the *Corbi* complaint – which they had not, as it was practically inaccessible to the public (as seen below) – it still would not have mattered because the *Corbi* action did not contain facts of scienter and materiality necessary to plead a violation of section 10(b) of the Exchange Act. Accordingly, under *Merck*, the *Corbi* action could not have triggered the running of the statute of limitations for the claims asserted in the above-captioned action.

First, *Corbi* **does not** contain a claim for violation of section 10(b) of the Exchange Act, nor was *Corbi* subject to the heightened pleading standard required for a section 10(b) claim. This is extremely important, because section 10(b) of the Exchange Act contains an element – namely scienter – that none of the claims in the *Corbi* action contain. And it is this scienter element in a section 10(b) claim that the United States Supreme Court held in *Merck* had to be discoverable for the statute of limitations to be triggered. *Merck* at 596.

Recognizing this weakness in their argument, Defendants falsely state that "the statutory bases for the claims in *Corbi* and those here are substantially the same" and then claim that section 34(b) of the Investment Company Act of 1940 and Section 10(b) of the Exchange Act of 1934 are essentially the same. (Def.

Further Mem. at 8-9). This is completely untrue. Section 34(b) of the Investment Company Act of 1940 simply *does not* require a showing of scienter. *See* 15 U.S.C. §80a-33(b). And *scienter* is the very element of a claim for violation of section 10(b) of the Exchange Act that the United States Supreme Court held in *Merck* must be discoverable before the statute of limitations begins to run for a 10(b) claim. *Merck* at 596 ("Scienter constitutes an important and necessary element of a § 10(b) violation").

Second, scienter in the above-captioned action is established by citation to non-public, internal emails and reports. For example, the Complaint quotes the following internal e-mail, among other internal documents, to establish scienter:

> How this works for us, I've come to believe that "kickback"
> describes this deal better than the term "revenue sharing".
> There is something directly about the mutual fund business that
> has been developing over the last 5 years. I hate that I feel this
> but I do.

Complaint at ¶ 2. The Complaint also quotes internal, non-public reports such as the "Sponsorship Discussion Template" to establish scienter. Complaint at ¶ 24. The complaint in *Corbi* relied upon by Defendants *does not* contain any of these facts. Neither this report, or any report, nor the email cited above, or any email cited in the Complaint, are even mentioned, let alone discussed in *Corbi*.

Fourth, the *Corbi* complaint *does not* contain facts establishing materiality that is an element of a claim alleging violation of section 10(b) of the Exchange Act. Materiality in the above-captioned action is established by the fact that over $450 million of kickbacks were made by Defendants improperly misappropriating investors' funds. Complaint at ¶3. This information regarding materiality was not disclosed to the public until the California Attorney General's Office filed its securities fraud suit against Defendants.

In other words, the facts needed to plead a claim for violation of section 10(b) of the Exchange Act, such as scienter and materiality, did not exist in the *Corbi* complaint. Accordingly, the *Corbi* action could not have triggered the running of the statute of limitations. To hold otherwise, would be to ignore both the significant difference of these two separate cases, as well as the mandate of the United States Supreme Court in *Merck.*

## II.   Reasonable Investors Would Not Have Been Aware of the *Corbi* Action

Even if the *Corbi* complaint contained facts establishing scienter and materiality for a claim alleging violation of section 10(b) of the Exchange Act – which it did not – a reasonable investor would not have been aware of the *Corbi* action. *See e.g. Livid Holdings Ltd. v. Salomon Smith Barney, Inc.* 416 F.3d 940, 950-51 (9th Cir. 2005) (rejecting argument that prior action against defendant triggered the running of the statute of limitations, holding that "the question of what a reasonably prudent investor should have known is particularly suited to a jury determination").

The case of *Staehr v. Hartford Financial Services Group, Inc.* 547 F.3d 406 (2d Cir. 2008) is directly on point here.[1] And just as in *Staehr*, the Defendants' statute of limitation arguments must be rejected.

In *Staehr*, the defendants cited to a previously filed class action lawsuit based on the same type of conduct at issue in this matter (*i.e.* undisclosed kickbacks), to argue that the plaintiffs were on notice more than two years prior to filing suit and therefore precluded by the statute of limitations. The appellate court rejected this argument and reversed the district court. Specifically, the appellate court held that "***It would be unreasonable to expect an ordinary investor to be aware of this lawsuit." Id.*** at 435.

---

[1] *Staehr* was decided after this Court's decision dismissing the Complaint with prejudice. Accordingly, this Court did not have the *Staehr* decision to consider when it issued its ruling on Defendants' Motion to Dismiss.

4

Furthermore, like Defendants here, the defendants in *Staehr* argued that if the plaintiff in the prior lawsuit "could detect storm warnings that would cause him to file a lawsuit containing allegations of fraud…so could the Appellants." *Id.* The appellate court rejected this argument and reasoned that an attorney that files a prior lawsuit does not set the standard of the ordinary investor. *Id.* at 436. ("the fact that an investor of more than ordinary intelligence filed a lawsuit…cannot be used as a bellwether for the adequacy of the "storm warnings.").

Here, the facts are even stronger than in *Staehr* that a reasonable investor would not have been aware of another lawsuit (*i.e.* the *Corbi* action) because, while the complaint in the *Staehr* matter is available on the court's PACER website, the same is not true of the *Corbi* complaint. That is, even at the time of the filing of this brief on December 13, 2010, ***the Corbi complaint cannot be accessed by any investor***, let alone a reasonable investor, through the Court's website.

### III. It Would be Unfair and Unreasonable to Require a "Reasonable Investor" to Have Discovered Facts Evidencing Defendants' Violation of Section 10(b) of the Exchange Act Quicker that the California Attorney General's Office Did

Defendants argue that a reasonable investor should have discovered Defendants' commission of securities fraud in violation of section 10(b) of the Exchange Act before the California Attorney General's Office did. Def. Further Mem. at 7-10. This makes no sense whatsoever and it would be unreasonable, as well as unjust, to hold an investor to a standard higher than regulators who have a greater amount of investigative tools and resources at their disposal to uncover fraud than a typical investor does.

Furthermore, it was not until the California Attorney General's Office used these investigate tools at its disposal (tools not available to a reasonable investor), that Defendants' scienter and materiality became known. A reasonable investor

5

could not have discovered Defendants' scienter and materiality on his or her own prior to the results of the California Attorney General's Office's investigation becoming public. And, as stated before, it is uncontested that the Complaint in the above-captioned action was filed well within two years of the California Attorney General's Office's action, therefore making it timely.[2]

In sum, the only manner in which Defendants' scienter and the materiality of Defendants' securities fraud violation could have been discovered was through the investigation of a regulator such as the California Attorney General's Office that has subpoena power and other investigative tools at its disposal. A reasonable investor simply does not have such resources. Accordingly, it would be unjust and unfair to hold that a reasonable investor should have somehow discovered the Defendants' securities fraud on his or her own before a regulator, with vastly superior resources, uncovered Defendants' fraud.

### IV. The News Articles and Press Releases Cited By Defendants Did Not Reveal the Elements of Scienter or Materiality Required to Plead a Claim for Violation of Section 10(b) of the Exchange Act

Conceding that the *Corbi* action may not have been enough to trigger the running of the statute of limitations, Defendants alternatively argue that "numerous news articles and press releases" were sufficient to trigger the statute of limitations. Def. Further Mem. at 10. This is both a mischaracterization of the facts as well as the law.

Notably, none of the articles or press releases relied upon by Defendants stated that any of the Defendants had engaged in a kickback scheme or otherwise committed securities fraud; nor do any of the articles evidence that Defendants had

---

[2] Defendants argue that a reasonable investor could have discovered evidence of Defendants' securities fraud on his own, without the aide of the tools at the disposal of the California Attorney General's Office. However, Defendants do not explain exactly how that could happen. Nor could they as it would be impossible.

scienter of their wrongdoing. Furthermore, in these articles, Defendants denied they had done anything wrong, claiming that they had acted in a manner allowed by the law. In other words, in addition to the fact that Plaintiffs never saw any of these news articles, none of these articles provided the "facts constituting the violation" as is required to begin the statute of limitations. *Merck* at 589.

Furthermore, as previously stated, in the various news articles Defendants relied upon, ***Defendants denied liability and claimed they had done nothing wrong***. *See* Declaration of Andrew Z. Edelstein dated October 26, 2007 (Dkt. 49), Exhibits C and D. As a result, Defendants actually gained market share in the mutual fund industry, as investors believed Defendants' false assurances that they were not involved in any impropriety. As stated in a June 29, 2004 *New York Times* article:

> As manager of the American Funds, Capital Research has been the biggest beneficiary of the fund scandal, winning business from investors fleeing other companies, like Putnam and Strong, that had been sued by regulators or otherwise tainted by the investigation into improper fund tactics.

Edelstein Declaration, Exhibit E.

Finally, in its previous order dismissing the Complaint, this Court cited to a number of press releases of SEC actions to hold that the two year statute of limitations had expired. *In re American Funds Sec. Litig.*, 556 F. Supp. 2d 1100, 1107 (C.D. Cal. 2008). However, this was clearly error because these press releases were published less than two years prior to commencement of the above-captioned action on December 8, 2006. *Compare Id.* at 1107 (citing SEC proceeding dated December 13, 2004; December 22, 2004 and March 23, 2005) with initial complaint (Dkt. 1) filed in the above-captioned action on December 8, 2006.

# **CONCLUSION**

Defendants have not, and cannot, point to a single item in the record that existed two years prior to the filing of the above-action evidencing the elements of scienter and materiality necessary for the pleading of a violation of section 10(b) of the Exchange Act. Accordingly, Defendants have failed to carry their substantial burden to dismiss based upon their argument that the statute of limitations has expired. Accordingly, Defendants' motion to dismiss must be denied.

Dated: December 13, 2010   **REESE RICHMAN LLP**
*/s/ Michael R. Reese*
Michael R. Reese
Kim. E. Richman
Belinda L. Williams
875 Avenue of the Americas, 18th Floor
New York, New York 10001

*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2010, I caused the foregoing to be electronically filed with the clerk of the Court. I understand that the Court will provide electronic notification of such filing to the counsel of record in this matter who are registered on the CM/ECF.

*/s/ Michael R. Reese*
Michael Reese