JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7815-GAF | Date | February 22, 2011 |
|---|---|---|---|
| Title | In re American Funds Securities Litigation | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **(In Chambers)**

## ORDER RE: MOTION TO DISMISS

In this putative securities class action, Plaintiff investors allege that the Capital Group Companies, Inc. and other entities that collectively make up the American Funds mutual fund family have injured them in two different ways. First, Plaintiffs allege that American Funds charged its mutual funds excessive management and marketing fees that dissipated assets and thereby reduced the return to investors in those funds. Plaintiffs also claim that American Funds uses at least a portion of these excessive fees to pay additional compensation, which Plaintiffs characterize as "kickbacks," to brokers as an incentive to the brokers to steer investors to purchase American Funds mutual funds. As a result, according to the Plaintiff investors, they received biased counsel from these secretly compensated broker-dealers instead of impartial investment advice. In 2008, the Court considered and granted motions to dismiss these claims because they were time barred.

Plaintiffs appealed the Court's decision. In the intervening period, the Supreme Court decided Merck & Co., Inc. v. Reynolds, 130 S.Ct. 1784 (2010) in which it construed the language of 28 U.S.C. § 1658(b)(1), which established a statute of limitations period of "2 years after the discovery of the facts constituting the violation." The Supreme Court held, and all the parties agreed, that the word "discovery" is a word of art in the context of statute of limitations analysis and more particularly that "'discovery' refers not only to a plaintiff's *actual* discovery of certain facts, but also to

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7815-GAF | Date | February 22, 2011 |
|---|---|---|---|
| Title | In re American Funds Securities Litigation | | |

the facts that a reasonably diligent plaintiff would have discovered." 130 S.Ct. at 1793.

Apparently, because this Court used the term "inquiry notice" in its order, the Ninth Circuit had some question as to whether the Court applied the standard articulated in Merck and returned the case to this Court for further proceedings. The Court has read that decisions, conferred with counsel, accepted additional briefing on the subject and received and considered a list of additional authorities on the topic. There is nothing in any of the authorities or in the Court's reassessment of its order that changes the result in this case.

As the Court noted in its earlier ruling, Section 12(a)(2) claims must be brought "within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence." 15 U.S.C. § 77m. Section 10(b) claims, in turn, must be brought within two years of "discovery of the facts constituting the violation." 28 U.S.C. § 1658(b)(1). Although, as noted, the Court used the words "inquiry notice" in its prior order, and spoke of the "inquiry-plus-reasonable-diligence test" articulated in Betz v. Trainer Wortham & Co., Inc., 519 F.3d 863, 870 (9th Cir. 2008), the Court's application of the "inquiry" aspect of the test involved nothing more than assessing whether there was any publicly available information to which the reasonably diligent plaintiff element could be applied. In short, the Court analyzed the pending claims in the same manner that the Supreme Court analyzed the Vioxx claims in Merck.

As this Court summarized in its prior order, the evidence presented by the defendants establishes that regulatory agencies and various news outlets had focused on precisely the kind of payments that are at issue in this case at least three years before this lawsuit was filed. Notably, the Los Angeles Times, in November 2003, reported an SEC investigation into 14 mutual fund companies in connection with payments of the exact type described in the CAC and revealed that the American Funds group was a subject of the investigation. The article explained that the investigation into the mutual fund companies followed on the heels of the SEC's $50 million settlement with Morgan Stanley which had received "substantial hidden fees" from 14 different companies including the American Funds group. In addition, a lawsuit filed in this Court more than two years prior to the filing of the present complaints articulated the sum and substance of the facts supporting the claims contained in the pending complaints.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 06-7815-GAF | Date | February 22, 2011 |
|---|---|---|---|
| Title | In re American Funds Securities Litigation | | |

    In short, a reasonably diligent plaintiff should have known the facts giving rise to the pending complaints more than two years before those complaints were filed. Accordingly, the Court reiterates and incorporates by this reference its prior ruling **GRANTING** the motion to dismiss **WITH PREJUDICE**.

**IT IS SO ORDERED.**

                                                                                                                                                                                   _____ : _____

Initials of Preparer